UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANNY EUGENE MCDOWELL,

        Petitioner,

v.

RAPHAEL WASHINGTON,

        Respondent.

Case No. 25-cv-12449
Hon. Matthew F. Leitman

_____/

### ORDER (1) DENYING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1), (2) DENYING A CERTIFICATE OF APPEALABILITY, (3) GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS*, AND (4) TERMINATING PETITIONER'S MOTION TO EXPEDITE AND MOTION TO PROVIDE COPIES AS MOOT (ECF Nos. 3, 4)

Petitioner Danny Eugene McDowell is a pre-trial detainee confined at the Wayne County Jail in Detroit, Michigan.  In this action, McDowell seeks a pre-trial writ of habeas corpus pursuant to 28 U.S.C. § 2241. (*See* Pet., ECF No. 1.)  The Court has carefully reviewed McDowell's petition and concludes that he has not shown an entitlement to relief.  Thus, for the reasons explained below, the petition is **DENIED**. The Court also **DENIES** McDowell a Certificate of Appealability. However, it will **GRANT** him leave to appeal *in forma pauperis*.  Finally, McDowell's motions to expedite consideration of his habeas petition (ECF No. 3) and for additional copies of his petition (ECF No. 4) are **TERMINATED AS MOOT**.

1

## I

### A

In July 2023, McDowell was charged in state court with several crimes, including assault with intent to murder; torture; criminal sexual conduct – first degree; unlawful imprisonment; and domestic violence.  *See People v. McDowell*, No. 23-004652-01-FC (Wayne Cty. Cir. Ct.).[1]  McDowell is currently incarcerated at the Wayne County Jail as he awaits trial in the Wayne County Circuit Court.  That trial is currently scheduled to begin on April 6, 2026. *See id.*

### B

On August 7, 2025, McDowell filed a petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2241. (*See* Pet., ECF No. 1.)  The petition is difficult to follow, but it appears that McDowell is claiming that he has been denied his rights to a speedy trial, bail, and self-representation. (*See id.*)  McDowell also claims that he is being denied psychiatric care for his mental illnesses and medical care following several suicide attempts. (*See id.*)  Finally, McDowell says that he is being denied access to the courts due to various policies in place at the Wayne County Jail. (*See id.*)

---

[1] The Court obtained this information from the Register of Actions on the Wayne County Circuit Court's website. *See* https://cmspublic.3rdcc.org/CaseDetail.aspx?CaseID=4028720. The Court is permitted to take judicial notice of that record. *See Daniel v. Hagel,* 17 F.Supp.3d 680, 681 n. 1 (E.D. Mich. 2014).

Respondent filed a response to the petition on October 13, 2025. (*See* Resp., ECF No. 13.)  The Court has carefully reviewed the petition, and the response, and it is now prepared to rule on the petition.

**II**

As explained above, McDowell seeks pre-trial habeas relief from this Court. A state criminal case is ordinarily ripe for federal habeas review only after a petitioner has been tried, convicted, and sentenced, and has exhausted his or her direct appeals. *See Allen v. Attorney General of the State of Maine,* 80 F.3d 569, 572 (1st Cir. 1996).  "In rare instances, a pretrial detainee may petition for habeas relief, but such claims are extraordinary." *Christian v. Wellington*, 739 F.3d 294, 297 (6th Cir. 2014). As the Sixth Circuit has explained:

> A body of case law has developed holding that although [28 U.S.C. §] 2241 establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions, the courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner. *See, e.g., Ex parte Royall*, 117 U.S. 241 (1886); *Fay v. Noia*, 372 U.S. 391, 417-20 (1963); *Braden*, supra; *Moore v. DeYoung*, *supra*; *Brown v. Estelle*, 530 F.2d 1280 (5th Cir. 1976); *United States ex rel. Scranton v. New York*, 532 F.2d 292 (2d Cir. 1976). Abstention from the exercise of the habeas corpus jurisdiction is justified by the doctrine of comity, a recognition of the concurrent jurisdiction created by our federal system of government in the separate state and national sovereignties. Intrusion into state proceedings already underway is warranted only in extraordinary circumstances.  Thus the doctrine of

3

exhaustion of state remedies has developed to protect the state courts' opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes.

*Atkins v. People of State of Mich.*, 644 F.2d 543, 546 (6th Cir. 1981).

Here, McDowell has not shown that "the issues raised in the petition" cannot be "resolved either by trial on the merits in the state courts or by other state procedures available to [him]." *Id.*  Nor has he shown "extraordinary circumstances" exist that would compel this Court to "intrud[e] into state proceedings already underway." *Id.*  Thus, McDowell is not entitled to pre-trial habeas relief.

The only relevant "extraordinary circumstance" that could possibly justify the Court's intervention here is if McDowell was being denied his right to a speedy trial. *See id.* at 547.  And in his petition, McDowell appears to argue that he is being denied that right. (*See* Pet., ECF No. 1, PageID.3-4.)  But even if McDowell was being denied his right to a speedy trial, the only relief that the Court could provide him is to order that he promptly be brought to trial. *See Atkins*, 644 F.2d at 547. *See also Patton v. Bonner*, 2021 WL 2026933, at *2 (6th Cir. Apr. 7, 2021) (explaining that "relief" for a speedy trial claim from a pre-trial detainee under Section 2241 "is generally limited to ordering the State to bring the petitioner to trial").  Here, as explained above, McDowell *is* being brought to trial in less than a month's time.

4

Indeed, his trial is set to begin on April 6, 2026.  Thus, McDowell has not persuaded the Court that he is being denied his right to a speedy trial.

McDowell has also not shown any other basis for habeas relief.  For example, he says that the state court wrongly denied him bail.  But McDowell has not established that he exhausted his state-court remedies with respect to that claim. McDowell also challenges the conditions of his confinement.  More specifically, McDowell claims that he is being denied medical care and psychiatric care, and he says that certain policies at the Wayne County Jail have prevented him from accessing the courts and/or interfered with his ability to represent himself at his criminal trial.  But those claims are not cognizable in a federal habeas action under Section 2241.  Instead, they are more properly brought as civil claims in an action under 42 U.S.C. § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973); *Nelson v. Campbell*, 541 U.S. 637, 643 (2004).  *See also Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (explaining that petitioner "incorrectly" asserted claims under Section 2241 where petitioner "did not challenge the terms or validity of his state prison term" and instead "appear[ed] to be asserting the violation of a right secured by the federal Constitution or laws by state prison officials"); *Hodges v. Bell*, 170 F. App'x 389, 392-93 (6th Cir. 2006) (noting that petitioner's "complaints about the conditions of his confinement …. are a proper subject for a § 1983 action, but fall outside of the cognizable core of habeas corpus relief").  Indeed, McDowell filed

such a Section 1983 action against Wayne County (and several others).  On July 7, 2025, McDowell filed a civil action in this Court under Section 1983 against over 60 named defendants in which he claimed, among other things, that policies at the Wayne County Jail were interfering with his ability to represent himself in his state-court criminal case and that jail officials were deliberately indifferent to his physical and mental health needs. *See McDowell v. Wayne Cty.*, E.D. Mich Case No. 25-12095.  That case was dismissed on January 20, 2026. *See id.*, Dkt. Nos. 22, 23. Thus, McDowell appears to have understood that any claims arising out of the conditions of his confinement needed to be brought in a separate civil case and could not be adjudicated in this habeas action.

For all of these reasons, McDowell has not shown an entitlement to federal habeas relief.  The Court therefore **DENIES** his petition.[2]

### III

Before McDowell may appeal the Court's decision, he must obtain a Certificate of Appealability. *See* § 2253(c)(1)(A); *Greene v. Tennessee Dep't of Corrections*, 265 F.3d 369, 372 (6th Cir. 2001) (explaining that a state prisoner who seeks habeas corpus relief under Section 2241 must obtain a Certificate of

---

[2] McDowell also has two motions pending before the Court: (1) a motion to expedite consideration of his habeas petition (ECF No. 3) and (2) a motion for copies of his petition and application to proceed *in forma pauperis* (ECF No. 4).  In light of the Court's denial of McDowell's habeas petition, those motions are **TERMINATED WITHOUT PREJUDICE** as moot.

Appealability to bring an appeal); *Winburn v. Nagy,* 956 F.3d 909, 912 (6th Cir. 2020) (same).  A Certificate of Appealability may be granted only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). *See also Slack v. McDaniel*, 529 U.S. 473, 484 (2000).   McDowell has not made that showing here.  The Court therefore **DENIES** him a Certificate of Appealability.

Although the Court declines to issue McDowell a Certificate of Appealability, the standard for granting an application to proceed *in forma pauperis* ("IFP") on appeal is not as strict as the standard for a Certificate of Appealability. *See Foster v. Ludwick*, 208 F.Supp.2d 750, 764 (E.D. Mich. 2002).   While a Certificate of Appealability requires a substantial showing of the denial of a constitutional right, a court may grant IFP status on appeal if it finds that an appeal may be taken in good faith. *See id*. at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R. App. 24(a).  Although jurists of reason would not debate this Court's resolution of McDowell's claims, an appeal could be taken in good faith. Therefore, McDowell may *proceed* IFP on appeal.

## V

For the reasons explained above, **IT IS HEREBY ORDERED** as follows:

- McDowell's petition for writ of habeas corpus (ECF No. 1) is **DENIED**;

7

- McDowell's motion for (1) expedited consideration (ECF No. 3) and (2) extra copies of his filings in this case (ECF No. 4) are **TERMINATED AS MOOT**;

- A Certificate of Appealability is **DENIED**; and

- Leave to proceed *in forma pauperis* on appeal is **GRANTED** because an appeal could be taken in good faith.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  March 11, 2026

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 11, 2026, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126